UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY AVILA,<br><br>                              Plaintiff,<br><br>-against-<br><br>NEW YORK CITY HOUSING AUTHORITY,<br><br>                              Defendant. | 24-CV-6680 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Housing Act ("FHA"), the Rehabilitation Act, Title II of the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983, alleging that Defendant New York City Housing Authority ("NYCHA") violated his rights under these federal statutes with respect to his housing. By order dated September 10, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court (1) dismisses the complaint for failure to state a claim on which relief may be granted and (2) grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff currently resides in an apartment located at 1412 College Avenue, in the Bronx, New York, that is "uninhabitable . . .

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

and unsafe." (ECF 1, at 2.) He claims that NYCHA denied him "an equal opportunity to be accepted in NYCHA Housing Application affordability program[] [because] NYCHA is busy Housing 100,000 illegal immigrants and continues to Discriminate and single Plaintiff Applications due to the facts of his gender, race and Disability status." (*Id.* at 3.) He also claims that he "require[s] stable housing" because of his disability . . . [and] specific accommodations to prevent severe mental and physical health crises." (*Id.*) Finally, he claims that NYCHA "disregard[s] . . . Plaintiff disabilities and Domestic Violence victim Status," and its conduct "represent[s] a systemic failure to protect and uphold the civil rights of a disabled individual, directing leading to . . . [the violation of] ADA Title II." (*Id.*) Plaintiff seeks declaratory and injunctive relief, including "[en]joining Defendant from continuing their discriminatory, unlawful, and unconstitutional practices." (*Id.* at 12.)

In the complaint, Plaintiff describes his prior living arrangement at an apartment located at 1212 Grant Avenue in the Bronx, which is the subject of two other lawsuits pending in this court. *Avila v. Acacia Network*, No. 23-CV-10260 (PAE) (KHP) (S.D.N.Y.); *Avila v. Acacia Network*, No. 23-CV-7834 (PAE) (KHP) (S.D.N.Y.). The Court understands this new action to be asserting new claims unrelated to the claims asserted in these two pending cases.

This Court recently dismissed another action filed by Plaintiff, *Avila v. Acacia Network, Inc.*, No. 24-CV-0884 (LTS) (S.D.N.Y. Aug. 26. 2024) ("*Avila I*"), for failure to state a claim. In *Avila I*, Plaintiff named as one of the defendants the owner of his current apartment building, "1412 Col LLC" (hereinafter "College Avenue LLC"), alleging that College Avenue LLC did not collect his rent payments, thereby "partially evict[ing]" him from his apartment. *Avila 1*, ECF 1:24-CV-0884, 5, at 5. The Court found that Plaintiff did not state a claim under the FHA

3

because he did not state facts suggesting intentional discrimination. The Court understands that the facts alleged in *Avila I* are unrelated to the facts alleged in this new action.

## DISCUSSION

**A.     Fair Housing Act**

The FHA "broadly prohibits discrimination in housing," *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979), based on an individual's race, color, religion, sex, familial status, national origin, or disability, 42 U.S.C. § 3604(a), (f)(1). Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that (1) he is a member of class of individuals protected under the FHA; (2) he suffered "adverse treatment"; and (3) the defendant discriminated against him based on his protected classification. *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (internal quotation marks omitted)). At the pleading stage, a plaintiff "need only give plausible support to a minimal inference of discriminatory motivation." *Id.* at 45-46 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (internal quotation marks omitted)).

The Court assumes, for the purposes of this order, that Plaintiff is protected under the FHA because of his disability, race, and gender. He alleges no facts, however, showing that he suffered any adverse treatment at his current apartment or that NYCHA discriminated against him because of his disability, race, or gender. Plaintiff therefore fails to state a claim of intentional discrimination under the FHA, and the Court dismisses Plaintiff's FHA claims on this basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Rehabilitation Act**

To state a claim under the Rehabilitation Act, a plaintiff must allege that (1) he is a qualified individual with a disability; (2) the defendant is subject to the Rehabilitation Act; and

4

(3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability. *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009).

Plaintiff alleges no facts suggesting that NYCHA denied him the opportunity to participate in or benefit from its services, programs, or activities, or has otherwise discriminated against him, by reason of his disability. Plaintiff therefore fails to state a claim of discrimination under the Rehabilitation Act, and the Court dismisses Plaintiff's Rehabilitation Act claim on this basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.    **Title II of the Americans with Disabilities Act**

Title II of the ADA forbids discrimination against persons with disabilities in, among other areas of public life, public services, programs, and activities. *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). It provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The standard to state a claim of discrimination under Title II of the ADA is the same as the standard to state a claim of discrimination under the Rehabilitation Act, though without the additional requirement that the defendant be subject to the Rehabilitation Act. Thus, for the reasons discussed above as to Plaintiff's claims of discrimination under the Rehabilitation Act, the Court dismisses Plaintiff's claims of discrimination under Title II of the ADA against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

D.    **42 U.S.C. § 1983**

The Court construes the complaint as asserting an equal protection claim under Section 1983 based on Plaintiff's allegation that "NYCHA is busy Housing 100,000 illegal immigrants"

5

(ECF 1, at 3), suggesting that NYCHA is treating other individuals seeking housing more favorably than Plaintiff.

The Equal Protection Clause of the Fourteenth Amendment directs that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Therefore, "[t]o plead an equal protection claim, a plaintiff must show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations." *Goldstein v. Hochul*, 680 F. Supp. 3d 370, 399 (S.D.N.Y. 2023). "Similarly situated does not mean identical, but rather a reasonably close resemblance of the facts and circumstances of plaintiff's and comparators cases, to the extent that an objectively identifiable basis for comparability exists." *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 696 (S.D.N.Y. 2011) (quoting *Walker v. City of New York*, No. 05-CV-1283, 2010 WL 5186779, at *7 (E.D.N.Y. Dec. 15, 2010)).

Here, Plaintiff suggests that NYCHA denied him appropriate housing because it is too "busy [h]ousing" migrants who have arrived in New York City. However, Plaintiff and a recently arrived migrant are not similarly situated with respect to their housing: Plaintiff seeks permanent housing that is appropriate for someone with a disability; recently arrived migrants seek temporary housing within the New York City shelter system. *Cnty. of Orange v. Crossroads Hotel*, No. 23-CV-4213 (NSR), 2024 WL 1739914, at *1 (S.D.N.Y. Apr. 23, 2024) (describing recent New York City policies regarding the housing of recently arrived migrants who temporarily resides in "New York City's homeless shelter system"). Thus, Plaintiff fails to state an equal protection claim on which relief may be granted, and the Court dismisses this claim on this basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, within the Second Circuit, "[a] *pro se* party should be granted leave to amend if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 320 (2d Cir. 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Plaintiff may be able to allege additional facts to state a valid claims, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 25, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge