UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY AVILA,

                Plaintiff,

-against-                                                                                                        24-CV-6680 (LTS)

NEW YORK CITY HOUSING AUTHORITY;                                             SECOND ORDER OF DISMISSAL
CIDNY,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendant New York City Housing Authority ("NYCHA") violated his federal rights. By order dated November 25, 2024, the Court dismissed the action for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and granted Plaintiff 30 days' leave to amend his complaint. Plaintiff filed an amended complaint on December 27, 2024, and added, as a new defendant, the Center for Independence of the Disabled ("CIDNY"). The Court has reviewed Plaintiff's amended pleading. For the following reasons, the Court dismisses the amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In the original complaint, Plaintiff asserted disability, race, and gender discrimination claims under the Fair Housing Act ("FHA"), the Rehabilitation Act, Title II of the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983. The Court dismissed the FHA, Rehabilitation, and ADA claims because Plaintiff did not allege any facts suggesting that NYCHA discriminated against him based on his disability, race, or gender. The Court also dismissed the Section 1983 claim, construed as asserting violations of the Fourteenth Amendment's Equal Protection Clause, because Plaintiff did not allege that he was treated adversely compared to other similarly situated individuals.

In Plaintiff's amended complaint, which provides a one-paragraph statement of facts, Plaintiff indicates that NYCHA failed to find him appropriate housing that addresses his disabilities and that CIDNY terminated and discharged him from the services he needs. Attached to the amended complaint are several letters showing that Plaintiff seeks housing that will accommodate his disability, and that Plaintiff received services from CIDNY.

The amended complaint does not state facts suggesting that Defendants are violating Plaintiff's federal rights with respect to his housing. The Court therefore dismisses the amended complaint for the same reasons discussed in the Court's November 25, 2024 order of dismissal.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   April 30, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

3